**IN THE DISTRICT COURT FOR THE UNITED STATES**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff-Respondent,**

**vs.**                                                                 **CIVIL NO. 08-496 JC/WDS**
                                                                        **CRIM. NO. 05-1034 JC**

**LORENZO JUAREZ-SANCHEZ,**

**Defendant-Movant.**

### MAGISTRATE JUDGE'S PROPOSED
### FINDINGS AND RECOMMENDED DISPOSITION[1]

This is a Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255 by Lorenzo Juarez-Sanchez. (Document No. 1) Juarez-Sanchez is acting *pro se*. Respondent filed a response in opposition to the motion. (Document No. 7) Petitioner filed a reply to the government's response. (Document No. 10) The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, recommends that the Motion be denied. Because the issues are resolved on the pleadings, and the record establishes conclusively that Juarez-Sanchez is not entitled to relief, an evidentiary hearing is not necessary. 28 U. S. C. §2255; *Trice v. Ward* 196, F. 3d 1151, 1159 (10th Cir. 1999), cert. denied, 531 U. S. 835 (2000). The court makes the following findings and recommended disposition.

### PROCEDURAL HISTORY

On May 24, 2005, Sanchez-Juarez pled guilty to an information charging him, an

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

alien, with being found in the State and District of New Mexico in violation of 8 U.S.C. §§ 1326(a)(1), (2) and (b)(2) after having been deported from the United States and with aggravated identity theft in violation of 18 U.S.C. § 1028A.  On September 7, 2005, the trial court sentenced Sanchez-Juarez to a total term of 65 months, 41 months for the reentry and 24 months for aggravated identity theft, the sentences to be served consecutively.  Petitioner appealed his sentence to the Tenth Circuit.  On May 31, 2006, the circuit court remanded the case for re-sentencing because it was unclear from the record whether the trial court had considered Petitioner's arguments for a downward deviation pursuant to 18 U.S.C. § 3553.

On August 30, 2006, the trial court again sentenced Petitioner to 65 months in prison. Petitioner appealed again and the circuit court affirmed the sentence in a written opinion issued on July 6, 2007.  On May 20, 2008, Sanchez-Juarez filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## CLAIMS

Petitioner raises two claims in his §2255 petition.  First he claims that the trial court erred by refusing to consider a downward departure in his sentence.  Second, he challenges the validity of the underlying deportation order on the basis that the immigration judge failed to advise him that there was a possibility of waiver from deportation.

## ANALYSIS

The Court has compared the Petitioner's sentencing disparity arguments set forth in this petition with the sentencing issues presented by Petitioner in his two direct appeals to the Tenth Circuit.  The Court agrees with Respondent that the sentencing issues raised in this petition are the same issues presented in both appeals to the Tenth Circuit.  Absent an intervening change in the law, issues disposed of on direct appeal generally will not be considered on a collateral attack by a

motion pursuant to § 2255. *United v. Prichard*, 875 F.2d 789, 790-91(10th Cir. 1989); *United States v. Nolan*, 571 F.2d 528, 530 (10th Cir.1978).  There is no new relevant law applicable to Petitioner's case, and there is no basis for this Court to reconsider the sentencing issues that were heard twice on direct appeal.  Petitioner's argument is not well taken.

Petitioner next argues that his criminal conviction should be set aside based on a procedural flaw in his prior deportation hearing. Specifically, Sanchez-Juarez argues that the immigration judge who ordered him deported from the country did not tell him that he might qualify for a waiver from deportation pursuant to I.N.A § 212(h) (8 U.S.C. § 1182).  8 U.S.C. §1326(d) permits an alien to collaterally challenge the validity of his underlying deportation order if three conditions are met: (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair.  Petitioner thus has the burden of showing that the underlying deportation hearing was fundamentally unfair.  *United States v. Aguirre-Tello*, 353 F.3d 1199, 1204 (10$_{th}$ Cir. 2004)  In order to establish fundamental unfairness, "a defendant must show that (1) his due process rights were violated ... and (2) he suffered prejudice as a result of the defects." *United States v. Wilson*, 316 F.3d 506, 510 (10th Cir. 2003) (overruled on other grounds in *Lopez v. Gonzalez*, 549 U.S. 47 (2006)); *see Aguirre-Tello*, 353 F.3d at 1200-01.

The Tenth Circuit rejected Petitioner's argument in *Aguirre-Tello*, where it held that "there is no constitutional right to be informed of the existence of discretionary relief for which a potential deportee might be eligible." *Id*. at 1205.  The Court concludes that Petitioner's conviction and sentence were not predicated on an unconstitutional deportation proceeding.  Petitioner's argument in this regard is not well taken.

## RECOMMENDED DISPOSITION

The court recommends that Sanchez-Juarez' Motion Pursuant to 28 U. S. C. §2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody be DISMISSED with prejudice. Timely objections to the foregoing may be made pursuant to 28 U. S. C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendation with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendation. If no objections are filed, no appellate review will be allowed.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**